### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

No. *16mj 02054-Simonton*

UNITED STATES OF AMERICA

vs.

**FRANCISCO WEEKS and**
**JUAN CARLOS RODRIGUEZ,**

**Defendants.**
_____/

## CRIMINAL COVER SHEET

1.   Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2.   Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____

BRIAN J. SHACK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 107068
99 N. E. 4th Street
Miami, Florida  33132-2111
TEL (305) 961-9403
FAX (305) 530-7976

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  16 mj 02054-Simonton |
| Francisco Weeks and | ) | |
| Juan Carlos Rodriguez, | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of     January 14, 2016     in the county of     Miami-Dade     in the

Southern     District of     Florida     , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspriacy to possess with intent to distribute a controlled substance |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jeremy D. Nawyn, Special Agent, DEA
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:     1/15/16

_____
*Judge's signature*

City and state:     Miami, Florida

Andrea M. Simonton, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT

I, Jeremy D. Nawyn, Special Agent with the Drug Enforcement Administration, having been duly sworn, state the following:

## INTRODUCTION AND AGENT BACKGROUND

1.       This affidavit is being submitted in support of a criminal complaint against Francisco Weeks ("WEEKS") and Juan Carlos Rodriguez ("RODRIQUEZ").

1.       I respectfully submit that there is probable cause to believe that, on or about January 14, 2016, WEEKS and RODRIGUEZ conspired to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii).

2.       Your affiant is employed as a Special Agent of the United States Department of Justice, Drug Enforcement Administration ("DEA"), Miami Field Division, Homestead Resident Office ("RO"), and has been so employed for approximately 7 years.  I have received numerous hours of formal classroom training in the investigation of narcotics and dangerous drugs from the Drug Enforcement Administration Academy in Quantico, Virginia, and from other specialized training courses.  As a result, I am experienced in the means and methods used by persons and drug trafficking organizations to communicate, purchase, transport, store, and distribute drugs, as well as the means and methods used to hide profits generated from those transactions.  I have received training and have experience in the investigation of violations of the federal drug laws, including the offense listed above.

3.       The information set forth in this affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. I have not included in this affidavit each and every fact known to me about the matters set forth

herein, but only those that I believe are sufficient to establish probable cause.

## PROBABLE CAUSE

4.      On or about January 13, 2016, agents from the DEA Homestead RO received information from a Confidential Source ("CS") about the drug trafficking activities of WEEKS. This CS had reliably provided information to agents leading to arrests and drug seizures in other independent investigations.  The CS explained that he had been contacted by WEEKS and asked by WEEKS if he/she was interested in purchasing several kilograms of cocaine.  WEEKS told the CS that the cocaine was at WEEKS's residence and invited the CS to view the cocaine before making a purchase.  Agents directed the CS to arrange a viewing of the cocaine at WEEKS's residence on the following day.

5.      On or about January 14, 2016, agents met with the CS and recorded two telephone calls from WEEKS to the CS, during which WEEKS told the CS that he was ready for the CS to come to his residence.  Agents gave the CS an audio recording and transmission device and searched the CS and his/her vehicle for contraband.  Agents found no contraband on the CS or in the vehicle.

6.      Agents then followed the CS to WEEKS's residence located in Miami, Florida, and watched as he/she met with WEEKS outside the residence.  WEEKS and the CS entered a nearby vehicle and continued to discuss the CS's purchase of cocaine from WEEKS.  Through the listening device, agents heard WEEKS explain that his supplier would be going to a "warehouse" to pick up the cocaine, and that he would be at WEEKS's residence shortly. WEEKS instructed the CS to have whoever was holding the CS's money for the purchase wait nearby.  After waiting several minutes, WEEKS made a telephone call to his supplier, after which WEEKS told the CS that his supplier would arrive at WEEKS's residence in

approximately 5 minutes.

7.      Shortly thereafter, agents observed a silver Nissan SUV arrive at WEEKS's residence.  Agents observed RODRIGUEZ exit the SUV with a black shopping bag and meet with WEEKS and the CS in front of WEEKS's residence.  WEEKS, RODRIGUEZ, and the CS then walked into the residence.  Over the listening device, agents heard the CS state that there were four objects and that he needed something sharp to cut through the wrappings around the objects.  Based on the prior conversations between the CS and WEEKS, as well as my training and experience, I believed the CS was observing four bricks of cocaine.

8.      After the CS finished checking the objects, WEEKS walked out of the residence, entered the SUV, and began to depart.  Fearing that WEEKS would leave with the cocaine, agents stopped the vehicle and detained WEEKS.  RODRIGUEZ, the CS, and a woman then walked out of the residence through a side door.  Agents detained all four subjects. After announcing their presence and calling for others to exit the residence, agents conducted a protective sweep of the residence to ensure agent safety and to prevent the destruction of evidence.

9.      Agents gave WEEKS and RODRIGUEZ written and verbal *Miranda* warnings. WEEKS waived his *Miranda* rights in writing and told agents that he wished to speak with them about the intended transaction.  WEEKS informed agents that the residence where the intended transaction was to take place was his. He also told agents that he had brokered a transaction between the CS and RODRIGUEZ for the purchase of several kilograms of cocaine.  Agents asked WEEKS if there was contraband in the residence, WEEKS responded that there were four kilograms of cocaine.  WEEKS then invited agents to enter the residence, seize the four kilograms of cocaine, and search the residence for additional contraband.  WEEKS signed a

3

written consent form authorizing agents to search his residence, after which agents searched the residence.

10.     During the search, agents found 4 brick-shaped objects wrapped in tape and weighing a total of approximately 4,353 grams. Each brick had been sliced open, and spilling out of each was a white powder, which field-tested positive for the presence of cocaine. The bricks were sitting on a bedroom dresser near the black shopping bag carried into the residence by RODRIGUEZ.  Agents seized the cocaine and arrested RODRIGUEZ and WEEKS.

## CONCLUSION

11.     Based on the foregoing facts and circumstances, your affiant respectfully submits that there is probable cause to believe that, on or about January 14, 2016, WEEKS and RODRIGUEZ conspired to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii).

FURTHER YOU AFFIANT SAYETH NAUGHT

_____
JEREMY D. NAWYN, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this ___15th___ day of January, 2016.

_____
HONORABLE ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

4